U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 23 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                              CRIMINAL NO. 00-50085-01
                                    JUDGE TOM STAGG
LARRY GLENN WYCHE

## MEMORANDUM ORDER

Before the court is a motion for summary judgment filed by the United States of America. See Record Document 297. For the reasons stated below, the government's motion for summary judgment is **GRANTED.**

## I. BACKGROUND

While the facts of this case are not relevant to the ruling on the motion before the court, an account of the procedural history of this case with regard to the forfeiture of property, however, is necessary. On August 30, 2001, Larry Glenn Wyche ("Wyche") was convicted by a jury of count one of the indictment–conspiracy to possess with intent to distribute fifty grams or more of methamphetamine. See Record Document 174. Wyche was also convicted of count three of the indictment, which alleged forfeiture pursuant to Section 853 of Title 21 of the United States Code. See Record Document 178. With regard to count three, the court ordered

Wyche to forfeit $150,000 to the United States.[1] On October 26, 2001, the court issued a Preliminary Order of Forfeiture as well as a protective order to preserve the availability of particular substitute assets that either were or might become subject to criminal forfeiture. See Record Documents 199 and 200. The court then issued its final Judgment of Forfeiture on January 24, 2002, in which $150,000 was ordered forfeited to the government. See Record Document 218.

For over six years, Wyche failed to satisfy any part of this judgment. Therefore, on February 21, 2007, the United States filed a motion to amend the order of forfeiture to include substitute property. See Record Document 283. In its motion, the government sought forfeiture of two tracts of land, referred to as Tract A and Tract B, neither of which were connected to Wyche's underlying crime.[2] On June 27,

---

[1] Originally, the jury found that Wyche should forfeit $500,000 to the government. However, pursuant to Federal Rule of Civil Procedure 32.2(b)(1), the court reduced the amount to $150,000.

[2] Tract A is described as "Property located in Adair County, Oklahoma, commonly known as Route 5, Box 6835, Stilwell, Oklahoma, more fully described as: the E1/2 of the NW1/4 of NW1/4 and SW1/4 of NW1/4 and NW1/4 of SW1/4 in Section 25, and all that part of the W1/2 of NE1/4 of NE1/4 and SE1/4 of NE1/4 lying East of the County Road in Section 26, Township 15 North, Range 25 East." Tract B is described as "Property located in Adair County, Oklahoma, more fully described as: the NW1/4 of NW1/4 of SE1/4 and SW1/4 of NE1/4 and E1/2 of NW1/4 of NE1/4 and SW1/4 of NW1/4 of NE1/4 of Section 26, Township 15 North, Range 25 East of the Indian Base and Meridian containing 80 acres, M.O.L. as the case may be, according to the U.S. survey thereof." Record Document 283 at 1-2.

2007, the court ordered that Wyche's interest in Tracts A and B be forfeited to the United States. See Record Document 286. The court then issued a Preliminary Order of Forfeiture as to Substitute Property on August 7, 2007. See Record Document 288. The government then published notice of this forfeiture as required by law. As a result of this publication, two parties alleged an interest in the property in question, the parties being, first, the Bank of Commerce and Carson Loan and Investment Company ("Carson") and, second, Lou Jean Wyche, wife of the defendant.

## II. LAW AND ANALYSIS

### A. Summary Judgment.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue

of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co.,402 F.3d 536, 540 (5th Cir. 2005).

**B.    Forfeiture Of Substitute Property.**

    **1.    Claim Of Bank Of Commerce And Carson Loan And Investment.**

After receiving notice of the forfeiture, Bank of Commerce and Carson came forward claiming an interest in Tract A. Specifically, they claimed that Wyche and his wife had obtained a mortgage on Tract A from Bank of Commerce on April 6, 2000, and that the bank then assigned the mortgage to Carson on December 31, 2004. The government recognizes this claim as a legitimate interest in Tract A. As of January 31, 2008, the outstanding balance on the mortgage for Tract A was $18,998.38. The government agrees to pay Carson this amount plus a $2.72 per diem rate from the net proceeds of the sale of Tract A.

    **2.    Claim Of Lou Jean Wyche.**

Subsequent to publication, Lou Jean Wyche ("Mrs. Wyche") made a claim of

ownership to both Tracts A and B.³ In cases of criminal forfeiture, the court looks to state law to determine ownership of the property and federal law to determine whether such property interests can be forfeited to the government. See United States v. Lester, 85 F.3d 1409, 1412 (9th Cir. 1996).⁴

### a. Tract A.

The court first examines Mrs. Wyche's claim to an interest in Tract A. In her affidavit submitted to the court, Mrs. Wyche claims that she acquired Tract A by means of a joint tenancy with the defendant, and she claims a homestead on the property. See Record Document 294 at 2-3. However, neither the status of the property as a homestead nor Mrs. Wyche's interest in the property as joint tenant prevent the forfeiture of the defendant's interest in the property to the government.

Pursuant to the Supremacy Clause, federal forfeiture law preempts state-

---

³The court notes that, according to the government, attempts were made to settle this claim. Specifically, the government offered to desist in the sale of the property if Mrs. Wyche agreed to pay the amount of her husband's judgment. Apparently, in September of 2007, the government received a proposal from Mrs. Wyche offering to pay the United States $500 a month while trying to secure funds to pay the balance. The government did not accept this offer, but did grant Mrs. Wyche additional time to secure financing in January 2008. At the time the government filed its motion for summary judgment, Mrs. Wyche had not yet obtained such financing.

⁴The court notes at the outset the dearth of Fifth Circuit cases concerning this issue and looks to other circuits for guidance, mindful of the fact that such rulings are not binding on this court.

created homestead exemptions. See United States v. Lot 6 Block 4 Lakewood Oaks Estates Ec. 2 Harris County, Tex., No. 07-20137, 2007 WL 4532711, at *1 (5th Cir. Dec. 26, 2007). In holding that federal forfeiture law preempts a state homestead exemption, the Eleventh Circuit explained, "There is no stated exception for homestead or entireties property. If it had meant to do so, Congress could have excluded those types of property by name or said 'except for property protected from forfeiture under state law'." United States v. Fleet, 498 F.3d 1225, 1229-30 (11th Cir. 2007). The court then concluded that the remedial intent of section 853(p) would be frustrated if convicted defendants could evade it by retaining certain types of property protected by state law. See id. at 1230. The court notes that Mrs. Wyche has in no way provided the court with evidence that the property constituting Tract A would, in fact, be protected under Oklahoma law. However, this does not alter the court's determination that Tract A is rightfully subject to criminal forfeiture, regardless of whether it is considered a homestead or not.

Additionally, Mrs. Wyche claims she owns Tract A as a joint tenant with her husband. Although Mrs. Wyche does not explicitly state her argument, the court, like the government, presumes that she claims property owned as joint tenants cannot be forfeited. This argument fails for two reasons. First, the joint tenancy once held by the defendant and Mrs. Wyche was destroyed when the defendant's interest in the property was forfeited to the government. See Am. Nat. Bank & Trust Co. of

Shawnee v. McGinnis, 571 P.2d 1198 (Okl. 1977). Mrs. Wyche then became a tenant in common with the government. Second, entirety property[5] is not protected from federal forfeiture laws. See Fleet, 498 F.3d at 1229. Thus, the defendant's interest in Tract A is subject to federal forfeiture. See id. Additionally, "[t]he fact that the innocent spouse, even though she retains her property interest, may be adversely affected by the forfeiture of her guilty mate's interest is no bar to forfeiture of his interest." Id. at 1232. Therefore, the government's proposal to pay Mrs. Wyche one-half of the proceeds of the sale of the property after Carson, which has a superior claim on the property, has been paid, is sufficient to protect the interests of all parties.

    **b.**    **Tract B.**

Next, the court turns to Mrs. Wyche's claim to an interest in Tract B. Mrs. Wyche claims that in 1997, the defendant assigned the contract for this property to Mrs. Wyche and the couple's two daughters, Tracey Wyche Rhoades ("Rhoades") and Stacey Wyche Phillips ("Phillips"), as joint tenants. See Record Document 294 at 3. In August 2002, Geary Sanford ("Sanford"), the original owner of Tract B, then transferred the property by quitclaim deed to Mrs. Wyche, Rhoades, and Phillips as joint tenants. Again, Mrs. Wyche claims that as a joint tenant, she is entitled to keep her property and asks the court to grant her a hearing on this issue.

---

[5]The court is referring to property in which each owner has an entirety interest–as opposed to a divisible interest–in the property, for example, as tenants by the entirety or joint tenants.

On November 1, 1997, while engaged in the drug trafficking for which he was ultimately convicted, Wyche assigned a contract he had with Sanford for Tract B to his wife and two daughters. See Record Document 294, Ex. 4. The amount of consideration for this contract was one dollar. See id. Then, on August 16, 2002, after Wyche had been convicted but before he had been sentenced, Sanford executed a quit claim deed for Tract B to Mrs. Wyche, Rhoades, and Phillips for the amount of ten dollars. As noted by the government, while this property assignation gives Mrs. Wyche, Rhoades, and Phillips standing to contest the forfeiture of Tract B, it does not preclude the forfeiture. However, after publication of a notice of forfeiture of the property in September of 2007, neither Rhoades nor Phillips filed a claim for Tract B. Thus, their interest is forfeited and vests with the government.

The court now examines Mrs. Wyche's claimed interest in Tract B. First, the court finds that the exceedingly small amount of consideration that changed hands in this property assignation–eleven dollars total–indicates that Wyche was trying to protect his assets. As a general rule under Oklahoma law, the amount of consideration in a contract does not render the contract ineffective unless it is so inadequate as to shock the conscience. See Silk v. Phillips Petroleum Co., 760 P.2d 174, 180 (Okla. 1988); Smith v. Stevens, 84 P.2d 3 (Okla. 1938). The court does not–and need not–determine whether the quit claim deed itself is valid. Rather, the paltry sum is sufficient for the court to determine that Wyche was trying to protect his

property from seizure. Additionally, the quit claim deed was executed after Wyche had been convicted by a jury on both the substantive drug trafficking count and on the forfeiture count, but before he had been sentenced; thus, Wyche knew his assets were subject to criminal forfeiture. Wyche simply cannot protect his assets from a legitimate $150,000 judgment against him by transferring them into his family members' names.

The government acknowledges that because the property had purportedly been transferred to Mrs. Wyche, Rhoades, and Phillips, Mrs. Wyche has a potential one-third interest in Tract B. In an effort to complete the judgment in this case, which was initiated almost eight years ago, the government has agreed to pay Mrs. Wyche one-third of the net proceeds from the sale of Tract B to satisfy this possible interest. Without determining whether this interest is, in fact, legitimate, the court finds that the government's proposal to pay Mrs. Wyche one-third of the proceeds of the sale of Tract B is sufficient to protect the interests of the parties involved.[6]

### c. Request For A Hearing.

Throughout her opposition to the government's motion for summary judgment, Mrs. Wyche repeatedly requests the court to grant a hearing in this matter after she

---

[6] Because the court has ruled on the merits of Mrs. Wyche's claim, it does not need to address the government's argument that Mrs. Wyche's claim to an interest in Tracts A and B is deficient.

9

has been released from prison and placed in a halfway house.[7] She bases this request on 21 U.S.C. § 853(n)(2), which states that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the Untied States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice...whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property."

The court notes that notice of forfeiture of the substitute property was published in September 2007. See Record Document 297 at 3. Mrs. Wyche asserted an interest in the property through an affidavit signed September 10, 2007. However, at that time, she did not petition the court for a hearing, nor did she do so prior to filing her opposition to the government's motion for summary judgment on March 25, 2008, well past the thirty-day time limit.[8] Thus, because Mrs. Wyche failed to petition the court for a hearing within the allotted time period, her request is denied.[9]

---

[7] At the time her opposition to the government's motion for summary judgment was submitted, Mrs. Wyche was serving a sentence in federal prison after being convicted of perjury in the Eastern District of Oklahoma.

[8] Mrs. Wyche cites United States v. Henry, 850 F.Supp. 681 (M.D. Tenn., 1994), in support of her contention that she is entitled to a hearing. The court easily distinguishes that case from the instant case in that the wife of the defendant in Henry timely petitioned the court for such a hearing.

[9] The court is aware of the government's agreement with Mrs. Wyche not to take action to forfeit the substitute property in January 2008. Even giving Mrs. Wyche the extreme benefit of the doubt, she filed the request for a hearing at the end of March, almost two months after January 31, 2008, the last day of this

### d.  Motion For Continuance.

In her opposition to the government's motion for summary judgment, Mrs. Wyche also moves for a continuance of this case pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. See Record Document 300 at 4. According to Rule 56(f), "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Mrs. Wyche states that, as testified to in her prior affidavit submitted to this court, she was incarcerated in federal prison at the time and was scheduled to be released to a halfway house in April 2008.[10] See Record Document 294 at 1. She is scheduled to be fully released from custody in October 2008. See id. Mrs. Wyche claims that her incarceration has limited her ability to adequately oppose this motion. Specifically, she argues, "[t]he Government sat idly by for five years and did nothing; thus, it is difficult to see how the Government would be prejudiced by allowing an [sic] continuance, which would afford Claimant the opportunity to adequately defend against this action." Record Document 300 at 4. The court is not swayed by this

---

agreement, which still far exceeds the thirty-day time limit.

[10]The court does not know whether Mrs. Wyche was transferred to a halfway house in April 2008. However, whether or not she was has no bearing on the outcome of this case.

argument.

  First, it falls within the discretion of the court to determine if a continuance is warranted in this case. The court does not feel that the fact that Mrs. Wyche violated the laws of the United States and is currently being incarcerated for committing a crime is a sufficient reason for granting a continuance. Second, the court disagrees with Mrs. Wyche's characterization of the government as "[sitting] idly by for five years and [doing] nothing." Id. The original judgment of forfeiture was issued by this court in January of 2002. Because the defendant failed to satisfy this judgment in any way, the court granted the government's motion to amend the order of forfeiture to include the substitute property in question. This did not occur until February 21, 2007, more than five years after the first judgment. The government is legally entitled to that property or its monetary equivalent; the fact that it waited several years, giving the defendant more than adequate time to begin paying the money he legally owed, does not change this fact or render the order to forfeit substitute property ineffective. Moreover, the court disagrees that the government is not prejudiced by a continuance. The government, as well as the American public, has a financial interest in seeing this case, which originated in 2000, almost eight years ago, brought to a close. Therefore, Mrs. Wyche's request for a continuance is denied.

### e.    **Eighth Amendment Claim.**

Finally, Mrs. Wyche claims "that the proportionality doctrine as the forfeiture of the homestead property of [Mrs. Wyche] and Wyche constitutes an excessive fine in violation of the Eighth Amendment of the Constitution of the United States." Record Document 300 at 2. However, Mrs. Wyche does not further elaborate on her claim. She simply sets out the standard for determining whether a fine is excessive and violates the Eighth Amendment before again requesting the court grant a hearing to determine "whether the forfeiture of property likely valuing much more than the original forfeiture amount of $150,000, is an excessive fine under the facts of the present case." Id. at 8. She then argues that the government has failed to prove that the sale of property that is valuable to her–in the sense that it is her homestead–would garner enough money at a firesale to satisfy the judgment against her husband. Therefore, she argues that the harm caused by her potential loss of homestead and inability to afford substitute housing violates the Eighth Amendment.

While the court is not unsympathetic to Mrs. Wyche's plight, the government is rightfully entitled to its judgment of $150,000. The court notes that the original order of forfeiture was entered in January of 2002, and the preliminary order of forfeiture of substitute property was issued in August of 2007. The defendant has made no effort to satisfy this judgment, and federal law specifically allows for forfeiture of substitute property in such a case. See 21 U.S.C. § 853(p). Moreover,

as explained more fully above, the government is only entitled to the defendant's interest in the property in question; Mrs. Wyche retains her interest in the property. The court notes with interest that the defendant in this case has not raised this argument. Additionally, as articulated by the Supreme Court of the United States, the standard for determining if a punitive forfeiture violates the Eighth Amendment's prohibition against excessive fines is "if it is grossly disproportional to the gravity of a defendant's offense." United States v. Bajakajian, 524 U.S. 321, 334, 118 S.Ct. 2028, 2036 (1998). That standard certainly is not met in this case. And as previously stated, Mrs. Wyche has provided no evidence whatsoever to support this contention. Therefore, this claim is dismissed.

### III. CONCLUSION

For the reasons stated above, the motion for summary judgment filed by the United States (Record Document 297), is **GRANTED**. Therefore, the property in question is to be sold and the proceeds partitioned as proposed in the government's motion for summary judgment.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 25th day of June, 2008.

JUDGE TOM STAGG